Smiley James **HARRIS**; et al., Plaintiffs–Appellants,

v.

Michael B. **MUKASEY**, Attorney General; et al., Defendants–Appellees.

No. 05–16695.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 22, 2008.

Smiley James Harris, Lakeport, CA, pro se.

Charles E. Lepp, Upper Lake, CA, pro se.

Linda I. Senti, Upper Lake, CA, pro se.

Elbert Ein, Esq., DOJ—U.S. Department of Justice, Civil Division, Washington, DC, Terence John Cassidy, Porter Scott Weiberg & Delehant, Sacramento, CA, for Defendants–Appellees.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Smiley James Harris, Charles E. Lepp, and Linda I. Senti appeal pro se from the district court's judgment dismissing their action alleging violations of the Religious

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Freedom Restoration Act ("RFRA") and the federal and California constitutions, and for fraud. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Lockhart v. United States*, 376 F.3d 1027, 1028 (9th Cir.2004). We may affirm on any ground supported by the record, *Beeman v. TDI Managed Care Servs.*, 449 F.3d 1035, 1038 (9th Cir.2006), and we affirm.

The district court's analysis of the compelling interest test under RFRA conflicts with *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 430–32, 126 S.Ct. 1211, 163 L.Ed.2d 1017 (2006), issued after the district court's ruling. We nevertheless affirm on the alternative ground that appellants cannot seek an injunction enjoining future arrests, criminal and civil proceedings, and seizure of their marijuana. *See Raich v. Gonzales*, 500 F.3d 850, 861 (9th Cir.2007).[1]

To the extent the complaint alleges a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), appellants fail to state a claim for relief because RLUIPA does not apply to challenges to federal drug laws. *See* 42 U.S.C. §§ 2000cc(a), 2000cc–5(5); *San Jose Christian College v. City of Morgan Hill*, 360 F.3d 1024, 1036 (9th Cir.2004) (explaining that "land use regulations" that may be challenged under RLUIPA involve only zoning and landmarking laws).

Appellants have failed to establish that they suffered prejudice when the district court proceeded with oral argument without Harris. *Cf. Smith v. Ret. Fund Trust of Plumbing, Heating & Piping Indus.*, 857 F.2d 587, 592 (9th Cir.1988) ("[F]ailure to grant oral argument is not reversible error in the absence of prejudice."). We do not consider appellants' contention that

Harris's constitutional rights were violated when he was allegedly denied access to the federal courthouse, because the issue was not raised in the district court. *See Broad v. Sealaska Corp.*, 85 F.3d 422, 430 (9th Cir.1996) (declining to consider claim that was raised for the first time on appeal).

To the extent appellants have preserved for appeal their remaining contentions, those contentions are unpersuasive.

**AFFIRMED.**

---

1. We reject the federal appellees' argument that appellants do not have standing to seek injunctive relief. *See Raich,* 500 F.3d at 857.